# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CIVIL ACTION NO. 1:11CV00751 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE: WELLS |
| | ) |
| SOUTH EAST METALS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

### CONSENT DECREE

WHEREAS, Plaintiff United States of America ("United States" or "Plaintiff"), on behalf of the United States Environmental Protection Agency ("EPA"), filed a Complaint in this matter against the Defendant, South East Metals, Inc.  ("South East Metals" or "Defendant"), seeking injunctive relief and civil penalties, and alleging, *inter alia*, that South East Metals violated the Clean Air Act ("CAA") 42 U.S.C. §§ 7401-7671q;

WHEREAS, South East Metals is a scrap metal and iron recycler whose operations include the receiving, processing, and temporary storage of appliances, automobiles, and other items manufactured with metal.  South East Metals' facility is located at 5141 Richmond Road, Bedford Heights, Ohio;

WHEREAS, the United States Complaint alleges violations by South East Metals of Section 608(b)(1) of the CAA, 42 U.S.C. § 7671g (National Recycling and Emission Reduction Program), and the regulations promulgated thereunder, 40 C.F.R. Part 82, Subpart F (Protection of Stratospheric Ozone) and seeks civil penalties for these alleged violations of the CAA;

WHEREAS, Title VI of the CAA, 42 U.S.C. §§ 7671-7671q, provides for the protection of stratospheric ozone, and Section 608(b) of the CAA, 42 U.S.C. § 7671g(b), provides EPA with the authority to regulate the safe disposal of Class I and II substances;

WHEREAS Class I and II substances include refrigerants containing chlorofluorocarbons ("CFCs") and hydrochloroflurocarbons ("HCFCs") and EPA promulgated regulations covering the safe disposal of CFCs and HCFCs from small appliances and motor vehicles at 40 C.F.R. Part 82, Subpart F;

WHEREAS, effective July 13, 1993, persons who take the final step in the disposal process (including but not limited to scrap recyclers) of small appliances, motor vehicle air conditioners ("MVACs") and MVAC-like appliances must either recover the refrigerant in accordance with specific procedures or verify with signed statements that the refrigerant was properly evacuated and recovered prior to receipt of the small appliance, MVAC or MVAC-like unit. *See* 40 C.F.R. § 82.156(f);

WHEREAS, EPA has authority under Section 114(a)(1)(G) of the CAA, to require anyone who is subject to any requirement of the CAA to provide such information as the EPA may reasonably require. 42 U.S.C. § 7414(a)(1)(G);

WHEREAS, the United States' Complaint alleged that South East Metals failed to respond to a validly issued Section 114 request for information and seeks civil penalties for these alleged violations of the CAA;

WHEREAS, South East Metals denies the allegations in the Complaint and denies that any violations occurred; and

WHEREAS, the United States and South East Metals (the "Parties") recognize, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated in good faith and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest;

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Section I (Jurisdiction and Venue) below, and with the consent of the Parties, it is hereby ORDERED, ADJUDGED and DECREED as follows:

## I.  JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and over the Parties.

2.      Venue lies in this District pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and 28 U.S.C. § 1391(b), (c) and 1395(a), because Defendant resides, and conducts business, in this district and because the majority of the alleged violations occurred within this district.

3.      The Complaint states claims upon which relief may be granted pursuant to Section 113 of the CAA, 42 U.S.C. § 7413. Notice of the commencement of this action has been given to the State of Ohio as required by Section 113(b) of the CAA, 42 U.S.C. § 7413(b).

## II.  APPLICABILITY

4.      The obligations of this Consent Decree apply to and are binding upon the United States and upon South East Metals, its agents, successors, and assigns.

3

5.      Any transfer of ownership or operation of South East Metals' facility to any other

person must be conditioned upon the transferee's agreement to undertake the obligations

required by this Consent Decree, as provided in a written agreement between South East Metals

and the proposed transferee, enforceable by the United States as third-party beneficiary of such

agreement.  At least thirty (30) days prior to such transfer, South East Metals shall provide a

copy of this Consent Decree to the proposed transferee and shall simultaneously provide written

notice of the prospective transfer, together with a copy of the proposed written agreement, to

EPA Region 5, the United States Attorney for the Northern District of Ohio, and the United

States Department of Justice, in accordance with Section XI of this Decree (Notices).    South

East Metals may also assert that information required to be provided under this Section is

protected as confidential Business Information ("CBI") under 40 C.F.R. Part 2.  As to any

information that South East Metals seeks to protect as CBI, Defendant shall follow the

procedures set forth in 40 C.F.R. Part 2.  Any attempt to transfer ownership or operation of the

Facility without complying with this Paragraph constitutes a violation of this Decree.  No

transfer of ownership or operation of the Facility, whether in compliance with this Paragraph or

otherwise, shall relieve South East Metals of its obligation to ensure that the terms of the Decree

are implemented.

6.      South East Metals shall provide a copy of this Consent Decree to all officers,

employees, and agents whose duties might reasonably include compliance with any provision of

this Decree, as well as to any contractor retained to perform work required under this Decree.

South East Metals shall condition any such contract upon performance of the work in conformity

with the terms of this Consent Decree.

4

7.    In any action to enforce this Consent Decree, South East Metals shall not raise as a defense the failure by any of its officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

### III.   OBJECTIVES

8.    It is the express purpose of the Parties in entering into this Consent Decree to further the objectives of the CAA.  Specifically, under this Consent Decree, Defendant shall address how it recovers or verifies recovery of refrigerant (CFCs and HCFCs) from small appliances, MVACs and MVAC-like appliances.  All obligations in this Consent Decree or resulting from the activities required by this Consent Decree shall have the objective of ensuring South East Metals' full compliance with the CAA and the regulations promulgated thereunder.

### IV.  DEFINITIONS

9.    Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in the CAA or in regulations promulgated pursuant to the CAA, shall have the meaning assigned to them in the CAA and such regulations.  The following definitions shall apply to the terms used in the Consent Decree:

    a.  "Appliance Log" or "Log" shall mean the refrigerant recovery log required under Paragraph 19 of this Consent Decree, an example of which is provided as Appendix B.

    b.  "Consent Decree" or "Decree" shall mean this Consent Decree and all appendices attached hereto.

    c.  "Date of Lodging" shall mean the date that this Consent Decree is lodged with the Clerk of the Court for the United States District Court for the Northern District of Ohio pending public comment and Court action.

5

d.  "Day" shall mean a calendar day unless expressly stated to be a business day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day.

e.  "Date of Entry" shall mean the date that this Consent Decree is entered as a judgment by the Clerk of the Court for the United States District Court for the Northern District of Ohio after being signed by a United States District Judge.

f.  "Defendant" shall mean South East Metals, Inc.

g.  "EPA" shall mean the United States Environmental Protection Agency and any successor departments or agencies of the United States.

h.  "Facility" shall mean South East Metals' operation located at 5141 Richmond Road, Bedford Heights, Ohio.

i.  "Financial Information" shall mean the Financial Statement of Corporate Debtor (Form OBD-500C) dated September 21, 2011 and Corporate Tax Returns for 2008-2010.  Defendant has made a claim of business confidentiality for this information.  Information covered by such a claim will be disclosed by the EPA only to the extent permitted and by means of the procedures set forth at 40 C.F.R Part 2.

j.  "MVAC-Like Appliance" shall have the same meaning as assigned to it in 40 C.F.R. § 82.152.

k.  "Motor Vehicle Air Conditioner" or "MVAC" shall have the same meaning as assigned to it in 40 C.F.R. § 82.152.

l.  "Plaintiff" shall mean the United States.

m.  "Section" shall mean a portion of this Consent Decree identified by an upper case Roman numeral.

n.  "Small Appliance" shall have the same meaning as assigned to it in 40 C.F.R. § 82.152.

6

## V.  COMPLIANCE MEASURES

10.     South East Metals must comply with 40 C.F.R. Part 82, Subpart F (Protection of Stratospheric Ozone).

11.     South East Metals shall no longer accept small appliances, MVACs and MVAC-like appliances with cut or dismantled refrigerant lines unless its supplier can provide written verification that all refrigerant that had not leaked previously was evacuated in a manner consistent with the requirements of 40 C.F.R. §§ 82.156(g) or (h), as appropriate, prior to cutting or dismantling the refrigerant lines.  Written verification will be in the form included as Appendix A to this Decree.

12.     South East Metals must notify its suppliers in writing that it will not accept small appliances, MVACs and MVAC-like appliances with cut or dismantled refrigerant lines unless the suppliers can certify that the refrigerant that had not leaked previously was evacuated in a manner consistent with the requirements of 40 C.F.R. §§ 82.156(g) or (h), as appropriate, prior to cutting or dismantling the refrigerant lines.

13.     South East Metals must notify its suppliers that it will provide refrigerant recovery services at no additional cost or reduction in the value of the scrap.

14.     South East Metals may satisfy the notice requirements of Paragraphs 12 and 13 of this Decree with a sign that is prominently displayed at the Facility and by sending notices to its largest suppliers at their regular business addresses.

15.    South East Metals' suppliers must use the verification statement included as Appendix A to this Decree whenever the supplier claims that refrigerant was previously evacuated from the appliance or MVAC.

16.    South East Metals must purchase and use equipment to adequately recover refrigerant from small appliances, MVACs and MVAC-like appliances or enter into an agreement with a contractor to provide refrigerant recovery services for any small appliance, MVAC and MVAC-like appliance that Defendant receives at the Facility.  All refrigerant must be recovered in accordance with the requirements of 40 C.F.R. §§ 82.156(g) and (h).

17.    South East Metals must have the refrigerant recovered by a properly trained individual.  If that individual is an employee of South East Metals, then South East Metals shall ensure that the individual is properly trained to use the equipment identified in Paragraph 16 of this Decree.

18.    If South East Metals purchases equipment to recover refrigerant, South East Metals must provide EPA with notification of that purchase and proof that it has an individual trained in recovering refrigerant as required by Paragraph 17 of this Decree.

19.    During the term of this Decree, South East Metals must keep a refrigerant recovery log substantially similar to the log included as Appendix B to this Decree.  The refrigerant recovery log shall document the following:

a.    The date the refrigerant was recovered;

b.    The type of item (e.g. fridge, A/C, MVAC, etc.) evacuated;

  c.  The amount of refrigerant recovered from each item, if possible to determine; and

  d.  The name of the technician who recovered the refrigerant.

20.  During the term of this Decree, South East Metals must retain copies of receipts documenting the reclamation, disposal or other disposition of refrigerants for all refrigerant it collects through recovery from appliances, MVACs and MVAC-like appliances and sends to another company for reclamation.

21.  During the term of this Decree, South East Metals must keep a separate log that documents the number of appliances, MVACs and MVAC-like appliances it rejects and the reason for rejecting them.

22.  During the term of this Decree, South East Metals shall submit to EPA on or within fifteen (15) days after December 31st and June 30th of each year the following documents:

  a.  Copies of any verification statements used by South East Metals pursuant to Paragraph 15 of this Decree;

  b.  Copies of the refrigerant recovery log that South East Metals is required to keep pursuant to Paragraph 19 of this Decree;

  c.  Copies of receipts for all refrigerants South East Metals collected and sent to another company for reclamation, disposal or other disposition as required by Paragraph 20 of this Decree;

  d.  Documentation of the number of appliances, MVACs and MVAC-like appliances South East Metals rejected and the reasons for rejecting them as required by Paragraph 21 of this Decree; and

  e.  South East Metals shall also provide a description of any noncompliance with the requirements of this Consent Decree and an explanation of the violation's likely cause and of the remedial steps taken, or to be taken, to prevent or minimize such violation.

23.     Each set of documents submitted by Defendant under this Section shall be signed by an official of South East Metals and include the following certification:

> I certify under penalty of law that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted. Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

24.     The reporting requirements of this Consent Decree do not relieve Defendant of any reporting obligations required by the CAA or implementing regulations, or by any other federal, state, or local law, regulation, permit, or other requirement.

25.     Any information provided pursuant to this Consent Decree may be used by the United States in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

## VI. CIVIL PENALTY

26.     South East Metals shall pay to the United States a civil penalty in the amount of $15,000. Payment of the civil penalty shall be made in four (4) equal installments with the first installment payment due within thirty (30) days after the Effective Date of this Consent Decree; the second installment due within ninety (90) days after the Effective Date of this Consent Decree; the third installment due within one hundred twenty (120) days after the Effective Date of this Consent Decree; and the fourth installment due within one hundred eighty (180) days

10

after the Effective Date of this Consent Decree.  Payments shall be made by Fed Wire Electronic

Funds Transfer ("EFT") to the U.S. Department of Justice according to the instructions provided

to South East Metals following lodging of the Consent Decree by the Financial Litigation Unit of

the U.S. Attorney's Office for the Northern District of Ohio.   At the time of payment, South East

Metals shall simultaneously send written notice of payment and a copy of the transmittal

documentation to the United States in accordance with Section XI of this Decree (Notices and

Submissions) by email to acctsreceivable.CINWD@epa.gov; and by mail to:

> EPA Cincinnati Finance Office
> 26 Martin Luther King Drive
> Cincinnati, OH 45268

27.        South East Metals shall pay interest on any unpaid balance of the civil penalty

owed to the United States, which shall begin to accrue at the end of the 30-day period described

above, at the rate established by the Department of the Treasury under 31 U.S.C. § 3717.

28.        Upon entry of this Decree, this Decree shall constitute an enforceable judgment

for purposes of post-judgment collection in accordance with Rule 69 of the Federal Rules of

Civil Procedure, the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001-3308, and other

applicable federal authority.  The United States will be deemed a judgment creditor for purposes

of collection of any unpaid amounts of the civil and stipulated penalties and interest.

## VII.  STIPULATED PENALTIES

29.        South East Metals shall be liable to the United States for stipulated penalties in

the amounts set forth in this Section for failure to comply with the requirements of this Consent

Decree as specified below, unless excused under Section XII (Force Majeure).  "Compliance"

shall include completion of the activities required under this Consent Decree, payment of the

11

civil penalty, and meeting the reporting requirements, in accordance with all applicable requirements of this Decree, and within the specified time schedules established by and approved under this Decree.

    a.    The following stipulated penalties shall accrue per violation per day for any failure to meet any of the requirements identified in Subparagraph b and c:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $500 | 1st through 14th day |
| $1,000 | 15th through 30th day |
| $2,000 | 31st day and beyond |

    b.    Payment of the Civil Penalty under this Decree.

    c.    Noncompliance with the compliance measures set forth in Section V of this Decree.

30.    Payment of stipulated penalties as set forth above shall be in addition to any other rights, remedies, or sanctions available to the United States for South East Metals' violations of this Decree or applicable law.

31.    The payment of stipulated penalties shall not be construed to relieve South East Metals from specific compliance with this Decree or federal or state law, or to limit the authority of EPA to require compliance with such laws. The United States is specifically authorized to seek injunctive relief in this civil action to address any violation of this Decree.

32.    Stipulated penalties shall accrue from the first day of noncompliance with any applicable provision of this Decree, but shall not be payable until demand. Payment of stipulated penalties shall be made within thirty (30) days of the date of a written demand for payment.

South East Metals shall not deduct any penalties paid under this Decree pursuant to this Section or Section VI (Civil Penalty) in calculating its federal income tax.

33.     If any stipulated penalties payable under this Decree to the United States are not paid when due, interest shall accrue on any amounts overdue to the United States from the first day after the civil or stipulated penalties are due through the date of payment at the rate of interest established by the Secretary of the Treasury pursuant to 31 U.S.C. § 3717.

34.     South East Metals shall pay any interest owed or stipulated penalties owing to the United States in the manner set forth and with the confirmation notices required by Paragraph 26 of this Decree, except that the transmittal letter shall state that the payment is for stipulated penalties and shall state for which violation(s) the penalties are being paid.

## VIII.    EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

35.     This Consent Decree is entered into as full and final settlement of this action for all Parties to the following extent:  the Consent Decree resolves the civil claims of the United States for the violations alleged in the United States' Complaint through the Date of Lodging of this Decree.  This covenant not to sue is also conditioned upon the veracity and completeness of the Financial Information provided to EPA by South East Metals.  If the Financial Information submitted by South East Metals is subsequently determined by EPA to be false or, in any material respect, inaccurate, South East Metals shall forfeit all payments made pursuant to this Consent Decree and this covenant not to sue shall be null and void.  Such forfeiture shall not constitute liquidated damages and shall not in any way foreclose the United States' right to pursue any other causes of action arising from South East Metals' false or materially inaccurate information.

13

36.     This Consent Decree in no way affects or relieves South East Metals of its responsibility to comply with any federal, state, or local law, regulation, or permit.

37.     The Parties agree that South East Metals is responsible for achieving and maintaining complete compliance with all applicable federal and state laws, regulations, and permits, and that compliance with this Consent Decree shall be no defense to any actions commenced pursuant to said laws, regulations, or permits.

38.     The United States expressly reserves all legal and equitable remedies available to it for all violations of the CAA not specifically addressed by Paragraph 35 of this Consent Decree.  This Consent Decree shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the CAA or implementing regulations, or under other federal laws, regulations, or permit conditions, except as expressly specified in Paragraph 35.

39.     Nothing herein shall be construed to limit the authority of the United States to undertake any action against any person, including South East Metals, in response to conditions that may present an imminent and substantial endangerment to the public health, welfare, or the environment.

40.     The United States reserves any and all legal and equitable remedies available to enforce the provisions of this Decree.

41.     This Consent Decree does not limit or affect the rights of South East Metals or the United States as against any third parties.  This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not a party to this Consent Decree.

14

42.    This Consent Decree shall not limit any authority of EPA under any applicable statute, including the authority to seek information from South East Metals or to seek access to the property of South East Metals.

43.    In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, other appropriate relief relating to South East Metals' violations, South East Metals shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 35 of this Decree.

## IX.  RIGHT OF ENTRY

44.    EPA and its representatives, contractors, consultants, and attorneys will have the right of entry into and upon the Facility at all reasonable times upon proper presentation of credentials for the purposes of:

a.    Monitoring the progress of activities required by this Consent Decree;

b.    Inspecting and reviewing any records required to be kept under the terms and conditions of the Consent Decree; and

c.    Otherwise assessing South East Metals' compliance with this Consent Decree.

45.    This Section in no way limits or affects any right of entry and inspection held by the United States and EPA pursuant to applicable federal laws or regulations.

15

## X.  FAILURE OF COMPLIANCE

46.     The United States does not, by its consent to the entry of this Consent Decree,

warrant or aver in any manner that South East Metals' complete compliance with this Consent

Decree will result in compliance with the provisions of the CAA, 42 U.S.C. §§ 7401-7671q.

Notwithstanding EPA's review or approval of any plans, reports, policies, or procedures

formulated pursuant to this Consent Decree, South East Metals shall remain solely responsible

for any noncompliance with the terms of this Consent Decree, all applicable permits, the CAA,

and regulations promulgated under the CAA.  This Consent Decree is not a permit.

## XI.  NOTICES AND SUBMISSIONS

47.     Except as specified otherwise, when written notification or communication is

required by the terms of this Consent Decree, it shall be addressed as follows:

**As to the United States Department of Justice:**

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7611
Washington, D.C.  20044-7611
Reference Case No. 90-5-2-1-09775

Steven J. Paffilas
Office of the United States Attorney
801 West Superior Avenue
Suite 400
Cleveland, Ohio 44113

**As to Region 5 of EPA:**

George Czerniak
Air and Radiation Division, AE-17J
Air Enforcement and Compliance Assurance Branch
U.S. Environmental Protection Agency, Region 5

16

77 West Jackson Boulevard
Chicago, Illinois, 60604

Erik Olson
Office of Regional Counsel, C-14J
U.S. Environmental Protection Agency, Region 5
77 West Jackson Boulevard
Chicago, Illinois 60604

**As to South East Metals:**

South East Metals
5141 Richmond Road
Bedford Hts., Ohio

Stephanie J. Lane
Schmelzer & Lane
1370 Ontario Street
Suite 1814
Cleveland, Ohio 44113

All notifications or communications shall be deemed submitted on the date they are postmarked and sent by first class mail or certified mail.

## XII.  FORCE MAJEURE BETWEEN THE UNITED STATES AND DEFENDANT

48.      *"Force Majeure"* for the purposes of this Consent Decree is defined as an event arising from causes beyond the control of South East Metals or the control of any entity controlled by South East Metals, including its agents, consultants and contractors, which delays or prevents the performance of any obligation under this Consent Decree despite South East Metals' best efforts to fulfill the obligation.  The requirement that South East Metals exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential *Force Majeure* event and best efforts to address the effects of any such event (a) as it is occurring and (b) after it has occurred to prevent or minimize any resulting delay to the greatest extent possible.

17

Unanticipated or increased costs or expenses associated with implementation of this Consent Decree and changed financial circumstances shall not, in any event, be considered *Force Majeure* events. Failure to apply for a required permit or approval or to provide in a timely manner all information required to obtain a permit or approval that is necessary to meet the requirements of this Consent Decree, or failure of South East Metals to approve contracts, shall not, in any event, be considered a *Force Majeure* event.

49. If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a *Force Majeure* event, South East Metals shall provide notice orally or by electronic or facsimile transmission to EPA within seventy-two (72) hours of when South East Metals first knew that the event might cause a delay. Within seven (7) days thereafter, South East Metals shall provide in writing to EPA an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; South East Metals' rationale for attributing such delay to a *Force Majeure* event if it intends to assert such a claim; and a statement as to whether, in the opinion of South East Metals, such event may cause or contribute to an endangerment to public health, welfare or the environment. South East Metals shall include with any notice all available documentation supporting the claim that the delay was attributable to a *Force Majeure* event. Failure to comply with the above requirements shall preclude South East Metals from asserting any claim of *Force Majeure* for that event for the period of time of such failure to comply, and for any additional delay caused by such failure. South East Metals shall be deemed to know of any circumstance of which South East Metals,

18

any entity controlled by South East Metals, or South East Metals' contractors knew or should have known.

50.    If EPA finds that a delay in performance is, or was, caused by a *Force Majeure* event, it shall extend the time for performance, in writing, for a period equivalent to the delay resulting from such event and stipulated penalties shall not be due to the United States for such period.  In proceedings on any dispute regarding a delay in performance, the dispute resolution provisions of Section XIII (Dispute Resolution) shall apply, and South East Metals shall have the burden of proving that the delay is, or was, caused by a *Force Majeure* event and the amount of time equivalent to the delay resulting from such an event.

51.    An extension of one compliance date based on a particular event shall not extend any other compliance date.  South East Metals must make an individual showing of proof regarding the cause of each delayed incremental step or other requirement for which an extension is sought.

## XIII.  DISPUTE RESOLUTION

52.    Any dispute that arises between South East Metals and Plaintiff with respect to the meaning or application of any of the requirements of this Consent Decree shall be, in the first instance, the subject of informal negotiations between Plaintiff and South East Metals in an attempt to resolve any such dispute.  Such period of informal negotiations shall not extend beyond forty-five (45) days of the date when a written notice of a dispute is given by one Party to the other, unless the Parties have agreed in writing to extend that period.  After informal negotiations, if South East Metals and Plaintiff are unable to agree upon the meaning or application of the requirements of this Consent Decree, then South East Metals shall comply

19

with the position taken by Plaintiff, subject only to South East Metals' right to petition the Court as set forth in Paragraph 53 of this Decree.

53.     Within forty-five (45) days of the end of the informal negotiations period for resolution of the dispute set forth in Paragraph 52 above, South East Metals may petition the Court for relief.  Such petition shall set forth the nature of the dispute and a proposal for its resolution.  Plaintiff will have forty-five (45) days to respond to the petition and propose an alternate resolution.  In any such dispute, South East Metals will bear the burden of proof.  The standard of review shall be determined by applicable principles of law.

54.     The filing of a petition asking the Court to resolve a dispute shall not in and of itself extend or postpone any obligation of South East Metals under this Consent Decree, provided that payment of any stipulated penalties with respect to the disputed matter shall be stayed pending resolution of the dispute.  Notwithstanding the stay of payment, stipulated penalties shall accrue from the first day of any failure or refusal to comply with any term or condition of this Consent Decree.  In the event that South East Metals does not prevail on the disputed issue, stipulated penalties, if applicable and demanded, shall be assessed and paid as provided in Section VII (Stipulated Penalties).

55.     If Defendant elects to invoke the dispute resolution procedures set forth in Section XIII (Dispute Resolution) with regard to a potential *Force Majeure* event, it shall do so no later than fifteen (15) days after receipt of EPA's notice.  In any such proceeding, Defendant shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a *Force Majeure* event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts

20

were exercised to avoid and mitigate the effects of the delay, and that Defendant complied with the requirements of Paragraphs 48 and 49, above. If Defendant carries this burden, the delay at issue shall be deemed not to be a violation by Defendant of the affected obligation of this Consent Decree identified to EPA and the Court.

## XIV.  RETENTION OF JURISDICTION

56.     This Court will retain jurisdiction of this matter for the purposes of construing, implementing, administering, and enforcing the terms and conditions of this Consent Decree and for the purpose of adjudicating all disputes among the parties that may arise under the provisions of this Consent Decree.

## XV.  MODIFICATION

57.     Any non-material modification of this Consent Decree by agreement of the Parties shall be in writing and shall be filed with the Court. Any material modification of this Decree by agreement of the Parties shall be in writing and shall be filed with the Court for approval. Nothing in this Decree shall be deemed to alter the Court's power to enforce, supervise or approve modifications to this Decree.

## XVI.  TERMINATION

58.     After five years following the date of entry of this Consent Decree, and after South East Metals has maintained substantial compliance with the terms of this Consent Decree for a period of five years, South East Metals may make a written request to the United States to terminate this Consent Decree. Such request must include South East Metals' certification that South East Metals has complied with requirements of this Decree and that all civil penalties due and all stipulated penalties demanded under this Decree have been paid.

59.     Following receipt by the United States of South East Metals' request for termination, the Parties shall confer informally concerning the request and any disagreement that the Parties may have as to whether South East Metals has satisfactorily complied with the requirements for termination of this Consent Decree.  If the United States agrees that the Decree may be terminated, the Parties shall submit, for the Court's approval, a joint stipulation terminating the Decree.

60.     If the United States does not agree that the Consent Decree may be terminated, South East Metals may invoke Dispute Resolution under Section XIII (Dispute Resolution) of this Decree.  However, South East Metals shall not seek Dispute Resolution of any dispute regarding termination, under Paragraph 53 of Section XIII (Dispute Resolution), until ninety (90) days after service of its request for termination.

## XVII.  FINAL JUDGMENT

61.     Entry of this Consent Decree constitutes Final Judgment under Rule 54 of the Federal Rules of Civil Procedure as to the United States and South East Metals.

## XVIII.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

62.     This Consent Decree will be lodged with the Court for a period of not less than thirty (30) days for public notice and comment in accordance with 28 C.F.R. § 50.7.  The United States reserves the right to withdraw or withhold its consent if the public comments regarding this Decree disclose facts or considerations which indicate that this Decree is inappropriate, improper, or inadequate.  South East Metals shall not withdraw its consent to this Decree during the period of governmental and judicial review that occurs between lodging and entry of this Decree, and South East Metals hereby consents to the entry of this Decree without further notice.

22

63.     If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XIX.  SIGNATORIES

64.     The undersigned representative of South East Metals and the Assistant Attorney General of the Environment and Natural Resources Division of the U.S. Department of Justice or her designee each certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally to this document the Party whom he or she represents.  This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.  Defendant agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rule 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of summons.

## XX.  EFFECTIVE DATE

65.     The effective date of this Consent Decree shall be the date of entry by this Court.

## XXI.  COSTS

66.     The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by Defendant.

## XXII.  APPPENDICES

Appendix A is the Verification Statement.

Appendix B is the Appliance Log.


SO ORDERED THIS __30__ DAY OF _May_, 2012.

_____
United States District Judge

24

The undersigned party hereby consents to the Consent Decree in the matter of United States v. South East Metals, Inc. (N.D. Ohio).

FOR THE UNITED STATES:

ROBERT E. MAHER, JR.
Acting Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

CATHERINE BANERJEE ROJKO
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C.  20044-7611
Phone:  (202) 514-5315
Fax:  (202) 616-6584
cathy.rojko@usdoj.gov

STEVEN M. DETTELBACH
United States Attorney
Northern District of Ohio

By:

STEVEN J. PAFFILAS (0037376)
Assistant United States Attorney
Northern District of Ohio
801 W. Superior Avenue
Suite 400
Cleveland, Ohio 44113
Phone:  (216) 622-3698
Fax:  (216) 522-4982
steven.paffilas@usdoj.gov

25

The undersigned party hereby consents to the Consent Decree in the matter of <u>United States v. South East Metals, Inc.</u> (N.D. Ohio).

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:**


_____
SUSAN HEDMAN
Regional Administrator
U.S. Environmental Protection Agency Region 5


_____
ERIK OLSON
Associate Regional Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency
77 West Jackson Boulevard
Chicago, Illinois 60604

26

The undersigned party hereby consents to the Consent Decree in the matter of <u>United States v. South East Metals, Inc.</u> (N.D. Ohio).

FOR SOUTH EAST METALS, INC.

_____ CEO _____

## *Clean Air Act Verification Statement*

**Directions:**
Complete statements 1 & 2.
Complete, sign, and date Seller Information section.

1. On today's date ____ / ____ / _____, I sold the following materials to Southeast Metals, Inc. (please check all that apply):

   (   )   refrigerator(s)
   (   )   air conditioning unit(s)
   (   )   automobile(s) containing air conditioning units

   (   )   other_____

2. I certify that all refrigerants as defined in section 608 of the Clean Air Act and 40 CFR 82 within these materials were (please check only one):

   (   )   removed from these materials prior to their coming into my possession as determined by (method of determination):

   _____

   _____

   (   )   reclaimed prior to my delivery to Southeast Metals, Inc. by a certified technician in accordance with 40 CFR 82 (please attach receipt):

   on   Date:_____

   by:   Name:_____

           Address:_____

           Telephone Number:_____

   (   )   neither removed nor reclaimed and need to be recovered by technicians employed by Southeast Metals, Inc.

| Buyer Information | Seller Information *(Please Print)* |
|---|---|
| **Southeast Metals, Inc.**<br>**5141 Richmond Road**<br>**Bedford Hts., Ohio**<br><br>**Accepted by:**<br><br><br>_____<br>**[NAME]** | **Date:**_____<br><br>**NAME:**_____<br><br>**CORPORATION:**_____<br><br>**STREET**<br>**ADDRESS:**_____<br><br>**CITY/STATE/ZIP:**_____<br><br>**TELEPHONE**<br>**NUMBER:**_____<br><br>**SIGNATURE:**_____ |

**APPENDIX A**

## Refrigerant Recovery Log

| Date Refrigerant Recovered | Type of Item (A/C, fridge, etc.) | Name of the Technician or Third Party Recovering the Refrigerant. | Total Amount of Refrigerant Recovered (lbs or oz) on a Daily Basis |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**APPENDIX B**